UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x Index No.: 13-cv-5666 (RRM)(MDG)
EVERTON HYLTON,

**AMENDED COMPLAINT**

Plaintiff,

**DEMAND FOR JURY TRIAL**

　-against-

THE CITY OF NEW YORK, Detective
Patrick Smith, and P.O. "JOHN DOES"
1 thru 20, of the 67th Precinct

Defendants.
---------------------------------------------------------------x

　Everton Hylton, by his attorney, Chidi Eze, Esq., complaining of The City of New York, Detective Patrick Smith, and New York Police Department Police Officers John Doe 1 thru 20, upon information and belief, alleges as follows:

## JURISDICTION

1. This is an action at law to redress the deprivation, under color of statute, ordinance, regulation, custom or usage, by Defendants of the rights, privileges and immunities secured to Plaintiff by the First, Fourth, Fifth and Fourteenth Amendments to the Constitution, and by 42 U.S.C. §1983 [and §1985], and arising under the laws and statutes of the State of New York and the City of New York.

2. Jurisdiction is specifically conferred on the United States District Court by 28 U.S.C. § 1331, this being an action arising under the Constitution and Federal law, and by 28 U.S.C. § 1343(a)(3), this being an action authorized by law to redress the deprivation, under color of statute, ordinance, regulation, custom or usage, of rights, privileges and immunities secured to Plaintiff by the First, Fourth, Fifth and Fourteenth Amendments to the Constitution, and by 42 U.S.C. §1983.

3. Venue is proper because the acts complained of herein occurred in Brooklyn Kings County, City and State of New York, which is in the Eastern District of New York.

## PARTIES

4. During all times relevant and material to this Complaint, Plaintiff was, and still is, a citizen of the United States, residing in Brooklyn, City and State of New York.

5. During all times relevant and material to this case, Defendant City of New York was a municipal corporation incorporated under the laws of the State of New York.

6. During all times relevant and material to this case, Defendant Police Officers were employees of Defendant City of New York through its Police Department.

7. During all times relevant and material to this case, the actions of the individual Police Officers complained of herein were done as part of the custom, practice, usage, regulation and/or direction of Defendants City of New York and New York Police Department (hereinafter NYPD), and Defendants City of New York and NYPD are as such responsible for the individual Defendants' actions. Defendant City of New York and NYPD are further responsible for the actions of the individual Defendants under the principal agent/*respondeat superior* rule.

## FACTS COMMON TO ALL CAUSES OF ACTION

8. The incidents that gave rise to this Complaint transpired on December 20, 2012, at approximately 11.00 a.m., at 300 East 92nd Street, Apartment 1, Brooklyn, County

of Kings, City and State of New York.

9. On December 20, 2012, at approximately 11:00 a.m., Plaintiff was home with his family, at 300 East 92nd Street, #1, Brooklyn NY 11212 when a group of uniformed NYPD officers number about 20, including the defendant officers, broke into his said home with shields and guns drawn. Upon breaking down, with such great force, the front entrance to plaintiff's home, the officers commanding everyone inside to face down and put their hands behind them, to which they all complied, including plaintiff.

10. While laying down face down, plaintiff was handcuffed behind his back and taken to a waiting police vehicle outside his building for questioning. Plaintiff demanded to know why he was being subjected to such humiliating and degrading treatment, but was told nothing.

11. Plaintiff was thereafter taken to the 67th Precinct where he was search and finger-printed, while still not told why he was being arrested. At approximately 8:00 p.m., plaintiff was transported by another set of officers from the 67th Precinct to Central bookings in Brooklyn, without knowing why he was arrested or for what he was being charged.

12. At approximately 10:00 p.m. the following day being December 21, 2012, plaintiff was brought before a Judge for arraignment, and upon appearing before a Judge, plaintiff was released and all charges against him were dismissed. To this day, plaintiff still lacks knowledge of the charges brought against him, if any, and still does not know why he was arrested.

13. Plaintiff has been damaged by the actions of the City of New York and its agents,

was falsely arrested, falsely imprisoned for over 35 hours, was intimidated and harassed, had his privacy and constitutional rights violated, and his person damaged for no just cause, lost respect and dignity before family and friends.

14. In light of the above, Plaintiff has been damaged by the actions of the City of New York and its agents, was arrested and imprisoned for 35 hours without probable cause, and without reason to believe that he committed an offense. Plaintiff suffered and continues to suffer mental anguish, reputation injuries, psychological and emotional distress as a result of the actions that gave rise to this lawsuit.

### AND AS FOR A FIRST CAUSE OF ACTION

15. Plaintiff repeats and re-alleges paragraphs 1 through 14 as if each paragraph is repeated verbatim herein.

16. The defendant police officers arrested and imprisoned Plaintiff without probable cause, without a warrant and with malice and intentional disregard for his constitutional rights. The Defendants, acting under color of State Law, violated Plaintiff's right to be free from unreasonable seizures, secured to him under the Fourth and Fourteenth Amendments to the Constitution, and his right not to be deprived of liberty without due process of law, secured to him under the Fifth and Fourteenth Amendments. By denying Plaintiff's Constitutional rights under color of State Law, the Defendants violated 42 U.S.C. §1983.

17. As a result of this action plaintiff was denied his freedom and liberty and suffered emotional and mental distress thereof. Plaintiff claims compensatory damages in the amount of $1,000,000. In addition, because the defendant police officers acted

with malice and intentional disregard for his Constitutional rights when they subjected him to unreasonable search and seizure, Plaintiff seeks $400,000 in punitive damages.

### AND AS FOR A SECOND CAUSE OF ACTION

18. Plaintiff repeats and re-alleges paragraphs 1 through 17 as if each paragraph is repeated verbatim herein.

19. In violation of Article 1 Section 12 of the New York State Constitution, and New York State Common Law, the defendant police officers falsely arrested and imprisoned Plaintiff for approximately 29 hours without probable cause, deprived him of his rights, remedies, privileges, and immunities guaranteed to him by said law.

20. Plaintiff was denied his freedom and liberty, and therefore suffered emotional and mental distress as a result. Plaintiff claims compensatory damages in the amount of $1,000,000 for the violation of his rights under Common Law and for his emotional and mental distress. In addition, because the defendant police officers acted with malice and intentional disregard for his Constitutional rights when they arrested and imprisoned him, Plaintiff seeks $400,000 in punitive damages.

### AND AS FOR A THIRD CAUSE OF ACTION

21. Plaintiff repeats and re-alleges paragraphs 1 through 20 as if each paragraph is repeated verbatim herein.

22. The defendant police officers were acting as agents of the City of New York when they committed the acts complained of herein, therefore, under the principal

    agent/*respondeat superior* rule, the City of New York is jointly and severally liable with the defendant police officers for the compensatory damages Plaintiff sustained in the First and Second Causes of Action

23.  Plaintiff claims compensatory damages in the amount of $1,000,000 for the violation of these rights, which resulted in mental and emotional injuries. In addition, because the Defendants acted with malice and intentional disregard for his Constitutional rights, Plaintiff seeks $400,000 in punitive damages.

  **WHEREFORE,** Plaintiff prays the Court for judgment as follows for each Cause of Action:

i.  $1,000,000 in compensatory damages against all the defendants, jointly and severally;

ii.  $400,000 in punitive damages against the individual defendant police officers, jointly and severally;

iii.  attorney's fees, plus the costs and disbursements of these actions against all Defendants, jointly and severally;

iv.  such other and further reliefs as the Court may deem just, proper and equitable.

Dated: Brooklyn, New York
   March 19, 2014

                By: _____/S/_____
                   CHIDI EZE
                   Attorney for Plaintiff
                   255 Livingston Street, 3rd Floor
                   Brooklyn, NY 11217
                   (718) 643-8800